UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
TERRY HUNTER,
    Debtor.                                    No.13-03-16034 SA

TERRI HUNTER,
    Plaintiff,
v.                                                  Adv. No. 07-1057 S

THE EDUCATION RESOURCES
INSTITUTE, INC.,
    Defendant.

**MEMORANDUM OPINION ON DEFENDANT'S**
**MOTION TO DISMISS**

This matter is before the Court on Defendant's Motion to Dismiss (doc 20), Plaintiff's Response (doc 21) and Defendant's Reply (doc 22). The complaint in this adversary seeks a declaration that Plaintiff's student loan obligation is discharged because Defendant filed an untimely proof of claim that was disallowed. Defendant appears through its attorney Kevin Hammar. Plaintiff appears through his attorney Shay Meagle. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

Motions to dismiss are provided for by Bankruptcy Rule 7012(b), which incorporates Fed.R.Civ.P. 12(b). In ruling on a motion to dismiss, the Court must accept all well-pleaded allegations as true and must construe them in the light most favorable to the plaintiff. Alvarado v. KOB-TV, L.L.C. (Channel 4 News), 493 F.3d 1210, 1215 (10th Cir. 2007)(quoting David v. City & County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996).) Conclusory allegations are not accepted as true, however. Hall

v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In this case no relevant facts are in dispute because they are all taken from the record of the main bankruptcy case. Therefore, the outcome of this motion depends on the legal sufficiency of the complaint.

The complaint in this case alleges, and the Court therefore takes as true, the following:

1. Plaintiff filed the underlying Chapter 13 case on July 31, 2003.

2. The deadline to file Proofs of Claim for nongovernmental units was December 2, 2003.

3. Defendant was listed on Debtor's Schedule F and was given notice of the bankruptcy case.

4. Plaintiff filed his Chapter 13 Plan ("Plan") on August 27, 2003.

5. Plaintiff's Plan specifically provided that the allowed claim of Defendant shall be paid in full after payment of all allowed administrative priority claims, secured claims and priority claims. See Plan ¶2(v).

6. (The Complaint has no paragraph 6.)

7. Plaintiff's Plan also specifically provided that "[a]ny claim filed after the bar date set forth in the Notice of the 11 USC § 341 meeting is deemed provided for by confirmation of the Plan and shall receive the sum of zero ($0.00) in full satisfaction of its claim." See Plan ¶5.

8. Defendant did not file an objection to the Plan.

9. On December 22, 2003, the Court entered an Order Confirming Chapter 13 Plan as Modified by the Order (doc 29 in the main bankruptcy case).

10. The December 22, 2003 Order Confirming Plan did not modify paragraphs 2(v) or 5 of the Plan.

11. Defendant filed a Proof of Claim on July 20, 2004 (Claim 5) in the amount of $9,800.47, unsecured. On the same date Defendant's counsel filed a Notice of Entry of Appearance and Request for Notice (main case, doc 64).

12. Defendant's Proof of Claim was filed more than seven (7) months after the claims bar date[1].

13. The Chapter 13 Trustee filed an Objection to Defendant's claim ("Objection") on the basis that it was filed after the deadline. The Objection included a notice of deadline to respond to the objections (main case, doc 67).

14. Defendant did not respond to the Objection.

15. On September 27, 2004, the Court entered an Order Granting the Trustee's Objection to Defendant's claim (main case, doc 74).

16. Pursuant to the terms of the confirmed Plan, which was served on Defendant and to which Defendant did not object,

---

[1] Pursuant to § 501(c), Plaintiff/Debtor could have (timely) filed a proof of claim for Defendant in order to make the plan fully effective.

its allowed claim was to be paid in full through the Plan, and would have been paid in full in the Plan if Defendant had filed a timely Proof of Claim. The rest of paragraph 16 of the complaint is a conclusory allegation that Defendant's claim is deemed satisfied and should be discharged when Plaintiff completes his Plan and receives a discharge; the Court does not take this conclusory allegation as true.

**DISCUSSION**

On September 24, 2007, the Court of Appeals for the Tenth Circuit issued its opinion in <u>Educational Credit Mgt. Corp. v. Mersmann (In re Mersmann)</u>, 505 F.3d 1033 (10th Cir. 2007)(En banc). <u>Mersmann</u> overruled <u>Andersen v. UNIPAC-NEBHELP (In re Andersen)</u>, 179 F.3d 1253 (10th Cir. 1999), which had held that confirmation of a Chapter 13 plan that contained specific language that there was undue hardship such that student loans would be discharged would be res judicata on the issue, thus allowing for discharge of the student loan without the required adversary proceeding under Section 523(a)(8). <u>Mersmann</u> makes it clear that "discharge by declaration" in a chapter 13 plan is no longer effective to discharge a student loan. "When a debt is not automatically dischargeable, Bankruptcy Rule 7001(6) commands that the debt must not be discharged without an adversary proceeding." <u>Mersmann</u>, 505 F.3d at 1048.

Case 07-01057-s    Doc 23    Filed 01/18/08    Entered 01/18/08 10:09:45 Page 4 of 6

In this case Plaintiff is seeking a discharge by declaration. While it is true that the Plan did not contain any undue hardship language or specifically state that the student loan would be discharged, Plaintiff is seeking to use the language in the Plan regarding failure to file a proof of claim the same way. The Court finds that Plaintiff has failed to state a cause of action and the adversary proceeding should be dismissed. See also Gallick v. United States Dept. of Education (In re Gallick), 292 B.R. 830, 831 (Bankr. W.D. Pa. 1993)("[T]he failure to file [a proof of claim] does not affect the dischargeability of the debt. Rather, the failure to file a proof of claim means only that the creditor may not share in the distribution of assets from the estate."); In re Amos, 283 B.R. 864, 867 (Bankr. W.D. Ky. 2002)(Student loan creditor entitled to collect student loan debt because it was not discharged by chapter 13 discharge even though creditor never filed proof of claim.); In re Loving, 269 B.R. 655, 662 (Bankr. S.D. Ind. 2001)("Neither the bankruptcy rules nor the proof of claim bar date prevents a creditor holding a nondischargeable debt who has not filed a proof of claim from collecting outside of bankruptcy.")(Citations omitted.)

**CONCLUSION**

Because Plaintiff never filed an action to determine the dischargeability of his student loan debt it is not discharged. An Order dismissing this adversary proceeding will enter.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

date entered on docket: January 18, 2008

copies to:

Louis Puccini, Jr
Puccini & Meagle, P.A.
PO Box 30707
Albuquerque, NM 87190-0707

Shay E Meagle
PO Box 30707
Albuquerque, NM 87190-0707

Kevin D Hammar
1212 Pennsylvania St NE
Albuquerque, NM 87110-7410

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111